UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KEVIN J. LOVELESS,<br><br>      Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security Administration,<br><br>      Defendant. | Case No. 4:14-cv-36-JVB-PRC |

**OPINION AND ORDER**

Plaintiff Kevin Loveless seeks judicial review of the Defendant Commissioner of Social Security's decision to deny him disability insurance benefits, and asks this Court to remand the case to the agency for reconsideration. On February 22, 2013, Administrative Law Judge Mario Silva denied Plaintiff benefits, and that decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request to review it.

For the reasons discussed below, the Commissioner's decision is AFFIRMED.

**A.    Overview of the Case**

Plaintiff alleges that he became disabled in January 2011, at the age of 51, after tearing the rotator cuff in his right shoulder while lifting heavy objects at work. He underwent an arthroscopic repair procedure in February 2011, performed by Peter Torok, M.D. In September 2011, Dr. Torok released Plaintiff to full time work with weight lifting restrictions, and in January 2012 he filled out a physical capabilities evaluation with the same restrictions. Plaintiff's primary care physician, J.P. Cusack, M.D., provided a medical assessment in January 2013, with

much more restrictive weight lifting limitations and additional postural limitations. These assessments are at the heart of Plaintiff's case, and the Court addresses other relevant facts in the analysis below.

B.  **Standard of Review**

This Court has the authority to review Social Security Act claim decisions under 42 U.S.C. § 405(g). The Court will uphold an ALJ's decision if it is reached under the correct legal standard and supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court will not reconsider facts, re-weigh the evidence, resolve conflicts in the evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). This Court will, however, ensure that the ALJ built an "accurate and logical bridge from the evidence to his conclusion so that, as a reviewing court, we may access the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

C.  **Disability Standard**

To qualify for disability benefits, the claimant must establish that she suffers from a disability. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. § 423(d)(1)(A). The SSA established a five-step inquiry to evaluate whether a claimant qualifies for disability benefits. A successful claimant must show:

> (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy.

*Scheck v. Barnhart*, 357 F.3d 697, 699–700 (7th Cir. 2004).

An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D.     Analysis**

Plaintiff's arguments are as follows: whether the ALJ gave appropriate weight to the opinions of treating physicians; whether the ALJ impermissibly reasoned backwards from agency boilerplate; whether the ALJ properly weighed Plaintiff's credibility concerning the limiting effects of his symptoms; and whether the ALJ included limitations related to the combination of severe and non-severe impairments.

**(1)     *ALJ did not err in assigning weight to treating physician opinions***

Plaintiff argues that the ALJ should have given controlling weight to the opinion of treating physician Dr. Cusack, and the ALJ committed an error of law by failing to give "good reasons" for discounting Dr. Cusack's opinion.

The agency typically gives a treating physician's opinion controlling weight if it is well-

supported by medically acceptable evidence and it is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2). And the agency will always give "good reasons" for the weight afforded to a treating sources opinion. *Id.* If a treating source is not given controlling weight, then the agency uses a multi-factor assessment that includes: the examining relationship; the length, nature, and extent of the treatment relationship; supportability; consistency; and specialization. *Id.* at (c)(1)–(5).

The ALJ in this case gave Dr. Cusack's January 2013 medical opinion little weight. The ALJ found that this opinion was unsupported by the evidence of record; specifically, that Dr. Cusack stated Plaintiff was unable to carry more than five pounds but the record evidence showed that claimant had been able to lift "well over five pounds since 2011" and that there was no indication in the medical evidence that Plaintiff was as limited as Dr. Cusack claimed in the use of his hands or his tolerance of chemical or noise exposure. R. at 24. Because the ALJ found that the medical opinion was unsupported he was not required to afford it controlling weight.

Moreover, Plaintiff does not point to any *medical* evidence that the ALJ missed that might support Dr. Cusack's opinion regarding Plaintiff's ability to sit, stand, and walk. All the evidence Plaintiff presents from Dr. Cusack are the records of Plaintiff's symptoms, not records of observable facts or diagnostic tests. *See* 20 C.F.R. § 404.1528(a) ("Symptoms are your own description of your physical or mental impairment. Your statements alone are not enough to establish that there is a physical or mental impairment."). Merely writing down a patient's symptoms does not transform those symptoms into observable facts. The symptom must be manifested in some way, either through direct observation ("signs") or medical tests ("laboratory findings"). *See* 20 C.F.R § 404.1528(b) (signs) & (c) (laboratory findings).

4

**(2)** *ALJ's agency boilerplate adequately supported with analysis*

Plaintiff argues that the case should be remanded because the ALJ employed forbidden boilerplate in making the credibility determination. Plaintiff is correct that the Seventh Circuit prohibits backward reasoning by ALJs and that boilerplate is disfavored. However, boilerplate supported with adequate analysis of the evidence is fine. *See Pepper v. Colvin*, 712 F.3d 351, 368–69 (7th Cir. 2013) ("[T]he simple fact that an ALJ used boilerplate language does not automatically undermine or discredit the ALJ's ultimate conclusion if he otherwise points to information that justifies his credibility determination.").

The ALJ in this case adequately supported the boilerplate language with analysis grounded in evidence. The ALJ considered Plaintiff's testimony, discussed his ability to "perform a considerable number of activities of daily living," and then proceeded to evaluate the testimony in light of the treatment he sought and received for his symptoms. R. at 25. As the Court discusses next, this analysis was more than adequate to justify the ALJ's credibility determination. *See Pepper*, 712 F.3d at 367–68.

**(3)** *Credibility determination not patently wrong*

Plaintiff contends that the ALJ improperly weighed his credibility by overemphasizing his activities of daily living, and for not giving any weight to his strong work history. ALJ credibility determinations are entitled to deference because the ALJ is "in a special position to hear, see, and assess witnesses." *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014). Courts only overturn such a credibility determination if is patently wrong, that is to say, if it lacks any explanation or support. *Id.* at 816. A credibility determination will be upheld as long as it is explained in a way that allows the court to determine that the ALJ logically based it on specific

findings and record evidence. *Id.* In this case, the ALJ provided a logical explanation for the credibility determination.

The ALJ relied in part upon Plaintiff's ability to perform daily activities to discredit him. Plaintiff objects to the ALJ using his activities of daily living to find that he is capable of full-time employment. However, that is not what the ALJ did. The ALJ considered that Plaintiff's ability to regularly perform "a considerable number of activities of daily living" weighed against the credibility of his allegations that his impairments made him unable to work. R. at 25. The ALJ even stated that his ability to perform daily activities on a regular basis was "not conclusive proof that he is able to sustain full-time work." *Id.* This was not an improper consideration of Plaintiff's activities of daily living, and was grounded in the evidence.

In addition, the ALJ discredited Plaintiff's claim that his impairments were disabling because he received only routine and conservative treatment for his right shoulder and his diabetes since 2011, and received no treatment for his left shoulder. Moreover, the ALJ wrote that Plaintiff testified that physical therapy helped alleviate pain and increase the range of motion in his right shoulder weighing against the testimony that he was unable to work. *Id.*

Plaintiff asserts that the ALJ should have given his statements about the disabling effects of his symptoms more weight because he had a "strong work history." As the Commissioner points out in her Response, Plaintiff only cites to cases outside the Seventh Circuit for direct support. The lack of precedent in this circuit is not dispositive, but there is no requirement to give "substantial credibility" to a disability claimant with a good work record.

The ALJ mentioned this factor, but did not assess the weight to afford it in his discussion. A claimant's prior work record is just one factor that may be considered in evaluating his credibility. 20 C.F.R. § 404.1529(c)(3); SSR 97-6p. Another court in this district stated that a

"claimant with a good work record is entitled to substantial credibility" but that was in the context of an ALJ using a claimant's "'can do' attitude" to discredit his testimony. *Springer v. Colvin*, No. 1:13-cv-185, 2014 WL 3075342 at *8 (N.D. Ind. July 2, 2014). This case is distinguishable from *Springer* because the ALJ did not use Plaintiff's good work history against him. And, the ALJ was not required to single out Plaintiff's work history in assessing his credibility, so the "failure" to do so is not an error requiring remand.

**(4)** *Combination of impairments*

Plaintiff's last argument for why the case should be remanded is that the ALJ failed to account for his diabetes mellitus and hand impairments in the RFC determination. He refers to the requirement to consider the cumulative effects of severe and non-severe impairments. The ALJ failed to meet this requirement, Plaintiff says, because he did not account for the effect of his diabetes on the ability to maintain a fulltime job without excessive absenteeism.

He asserts that his diabetes was uncontrolled because of his fluctuating glucose levels, his need to recline or nap, and his balancing problems. However, Plaintiff doesn't provide evidence that any functional limitations are a result of his diabetes, and it is his burden to prove that he is disabled. 20 C.F.R. § 404.1512(a). And his attribution of diabetes as the cause of his falls is not substantiated by any medical evidence. In any event, the ALJ provided for restrictions of no more than occasional balancing, no uneven work surfaces, no slippery surfaces, and to avoid all exposure to unprotected heights. R. at 22. It was not reversible error to not include any further limitations related to diabetes.

Plaintiff also alleges that the ALJ didn't account for joint swelling in his fingers and hands. There is medical evidence of this impairment dated May 2007, two years before his first

7

shoulder surgery. But there is no other evidence in the record of this impairment, and therefore it was not error for the ALJ to not include further limitations on Plaintiff's ability to do gross manipulation or his ability to finger with his right hand.

SO ORDERED on April 10, 2015.

S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE